PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, and Lemons, JJ., and Compton, S.J., and Whiting, R.J.

JOHNNY MAURICE WHITFIELD

v.  Record No. 021520

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
February 28, 2003

FROM THE COURT OF APPEALS OF VIRGINIA

The sole question in this criminal appeal is whether the Court of Appeals of Virginia correctly approved a circuit court's refusal to suppress certain evidence gathered following defendant's detention by the police.

Defendant Johnny Maurice Whitfield was indicted in the Circuit Court of the City of Newport News for possession of cocaine with the intent to distribute it. Prior to arraignment, he moved the court to suppress evidence seized from his person when he was detained and arrested without a warrant.

Subsequently, during a bench trial, the court denied the motion and found the defendant guilty as charged. Later, he was sentenced to incarceration and fined.

The Court of Appeals denied the defendant's petition for appeal in an unpublished order. Whitfield v. Commonwealth, Record No. 2978-01-1 (May 22, 2002). We awarded defendant this appeal from the Court of Appeals' judgment.

The facts are undisputed. On January 26, 2001, about 3:30 a.m., J. L. Barnes, a uniformed Newport News police officer in a

marked police vehicle was patrolling an area of the city known for illegal drug activity, burglaries, and prostitution. Although there was no report of criminal activity at that particular time, "several burglaries" recently had occurred in that "neighborhood."

The officer noticed the defendant dressed in "all black," standing on private property "15 feet from the roadway" between a condemned house and an occupied dwelling. The officer knew that the area was not "a common cut-through" to other property.

The officer "shined" the spotlight of the police vehicle "directly on that subject, and at that time the subject turned around and took off running between the houses, going to the back of the house." The officer "exited" his vehicle in an attempt to "catch" defendant, who then was walking at "a fast pace" and "looking over his shoulder" at the officer.

D. A. Bonday, another uniformed police officer in a marked police vehicle, arrived on the scene to assist Barnes. Bonday "went in foot pursuit of the subject," who ran from the officer in "a zig-zag direction, back and forth" across the street. The defendant then ran between houses and unsuccessfully attempted to climb a six-foot fence. Bonday detained defendant, who "had his hands in his pockets."

2

Upon being detained, defendant possessed a cigar tube in one hand and a clear plastic bag in the other.  These items contained "numerous rocks" of crack cocaine.

In this appeal, the defendant, citing Terry v. Ohio, 392 U.S. 1 (1968), contends that officer Barnes did not "have a reasonable, articulable suspicion of criminal activity when he first observed [defendant] and decided to detain him for a Terry stop."  We do not agree.

The Fourth Amendment to the Constitution of the United States provides, as pertinent here, that "[t]he right of the people to be secure in their persons, . . . and effects, against unreasonable searches and seizures, shall not be violated."  We apply settled standards of appellate review to decide the present claim that evidence was seized in violation of the Fourth Amendment.

Such a claim presents a mixed question of fact and law that an appellate court reviews de novo.  Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002).  In evaluating the claim, the appellate court must give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment.  Id.

While "the Commonwealth has the burden of proving the legitimacy of a warrantless search and seizure," Simmons v.

*Commonwealth*, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989), the defendant must show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error. *Murphy*, 264 Va. at 573, 570 S.E.2d at 838.

The Supreme Court has recognized that a police officer in appropriate circumstances may detain a person for the purpose of investigating possibly criminal behavior, even though there is no probable cause to make an arrest. *Terry*, 392 U.S. at 22. *Accord Murphy*, 264 Va. at 573, 570 S.E.2d at 839; *Ewell v. Commonwealth*, 254 Va. 214, 217, 491 S.E.2d 721, 722 (1997). In order to justify the brief seizure of a person by such an investigatory stop, the police officer must "have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown v. Texas*, 443 U.S. 47, 51 (1979). *Accord Zimmerman v. Commonwealth*, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988).

To determine whether a police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances. *Ewell*, 254 Va. at 217, 491 S.E.2d at 722-23 (citing *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). *Accord Leeth v. Commonwealth*, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982).

4

In the present case, when considering the totality of the circumstances, and viewing the facts in the light most favorable to the Commonwealth, we conclude that the police had a reasonable suspicion, based on objective facts, that defendant may have been engaged in criminal activity.

About 3:30 a.m., Officer Barnes observed defendant, apparently trespassing on private property, near an abandoned building in an area notorious for crime problems.  When the officer aimed the spotlight of his marked police vehicle toward defendant, he began to run away.  When Officer Bonday joined the chase, defendant continued to run and to evade the officer.  When defendant could not escape over a high fence, he was detained.

The characteristics of the area and the defendant's conduct, including his unprovoked flight, justified the stop, and further investigation.  "[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion. (citations omitted) Headlong flight – wherever it occurs – is the consummate act of evasion:  it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."  Illinois v. Wardlow, 528 U.S. 119, 124 (2000).

Consequently, we hold that the Court of Appeals correctly approved the circuit court's refusal to suppress the evidence

seized from defendant's person.  Thus, the judgment confirming the conviction will be

Affirmed.
