COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McClanahan and Millette
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0714-08-2                      JUDGE LeROY F. MILLETTE, JR.
                                                          AUGUST 11, 2008

THOMAS RENALDO JOHNSON


                FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                          Horace A. Revercomb, III, Judge

            Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellant.

            Tara-Beth Coleman (Woodbridge, Ventura and Coleman P.C.,
            on brief), for appellee.


        The trial court granted a pretrial motion by appellee, Thomas Renaldo Johnson (Johnson),

to suppress evidence concerning Johnson's possession of a controlled substance in violation of

Code § 18.2-250, possession of a firearm while in possession of a controlled substance in

violation of Code § 18.2-308.4, possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2, receipt of a stolen firearm in violation of Code § 18.2-108.1, and driving on a

suspended license in violation of Code § 46.2-301.  The Commonwealth appealed pretrial

pursuant to Code § 19.2-398.  On appeal, the Commonwealth argues the tip, which led to

Johnson's seizure and subsequent search, was received from a known person and contained

sufficient indicia of reliability.  Johnson responds that the officer based his reasonable suspicion

upon an unreliable and uncorroborated tip; therefore, the officer's search and seizure of his

person and vehicle were conducted in violation of the Fourth Amendment.  For the following

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reasons, we affirm the trial court's grant of Johnson's motion to suppress and remand for additional proceedings consistent with this opinion.

Due to the parties' familiarity with the record below, we cite only to those facts pertinent to the disposition of the appeal. At approximately midnight on October 18, 2007, Deputy Lyons, of the King George County Sheriff's Department, received a call from police dispatch. The police dispatch stated that a Michael Cornwell (Cornwell) had called to report a silver Toyota, with a specific tag number, traveling with no taillights activated. At the pretrial suppression hearing, Deputy Lyons testified that he had known a Michael Cornwell for years, had last seen him five to six months prior, knew Cornwell's sister, Amanda, who worked at the King George County Sheriff's Department, knew where Cornwell lived, and knew that Cornwell drove a pickup truck.

Deputy Lyons received a second call from the dispatch a few minutes later, relaying Cornwell's statement that the Toyota now had its taillights illuminated but was "weaving and crossing the road lines." Cornwell stayed on the line with dispatch, relaying the Toyota's location. Deputy Lyons went to the location provided by Cornwell and observed a silver car with matching tags. Deputy Lyons pulled up behind the car but did not observe any erratic driving or any other unlawful or suspicious behavior on the part of the driver. However, due to the information Deputy Lyons had received from dispatch, he initiated a traffic stop of the car. Deputy Lyons testified that after receiving Cornwell's tip, he suspected the driver of the vehicle "was possibly fatigued." Upon speaking with the driver of the car, who was later identified as Johnson, Deputy Lyons smelled marijuana.[1] Deputy Lyons conducted a search of the car and found illegal narcotics and a firearm.

---

[1] During the trial and appellate argument, Johnson's counsel conceded the subsequent search was valid as Deputy Lyons had smelled marijuana emanating from Johnson's vehicle.

The trial court granted Johnson's motion to suppress the evidence found as a result of Deputy Lyons' search of his car. This appeal followed.

On appeal from a trial court's ruling on a motion to suppress, "'[w]e are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'" Blevins v. Commonwealth, 40 Va. App. 412, 420, 579 S.E.2d 658, 662 (2003) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). We view the facts, and all reasonable inferences fairly deducible therefrom, in the light most favorable to Johnson, the party prevailing below. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). The Commonwealth, as the appellant, bears the burden of showing that the trial court's ruling constituted reversible error. McGee, 25 Va. App. at 197, 487 S.E.2d at 261.

"[A] defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de novo* on appeal." King v. Commonwealth, 49 Va. App. 717, 721, 644 S.E.2d 391, 393 (2006) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)). In determining whether evidence was seized in violation of the Fourth Amendment, "we must give 'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment." Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 450 (2003) (quoting Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)).

Whether or not Deputy Lyons knew the informant does not affect the outcome of this case. Even if we assume the informant was known and met the highest indicia of reliability, the tip failed to support Deputy Lyons' seizure of Johnson because it did not relay information describing possible illegal activity that was corroborated by the officer. "The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its

tendency to identify a determinate person." Florida v. J.L., 529 U.S. 266, 272 (2000) (citing W. LaFave, Search and Seizure § 9.4(h), at 213 (3d ed. 1996)).

Prior to pulling Johnson over, Deputy Lyons only knew from the informant's tip that: (1) the vehicle's taillights had previously been off but were now properly illuminated; and (2) the vehicle had weaved and crossed the road lines. Deputy Lyons testified that based on the tip, he believed the driver was not inebriated, but rather "possibly fatigued."[2] Prior to stopping Johnson's vehicle, Deputy Lyons did not corroborate the informant's claim that the vehicle was being driven in an unlawful or erratic manner. Nor did Deputy Lyons articulate any other reasonable suspicion of criminal activity on the part of the driver.

As Deputy Lyons failed to corroborate any criminal behavior, he had no factual basis upon which to rest a reasonable, articulable suspicion for making the traffic stop. Deputy Lyons' seizure of Johnson was, therefore, unsupported by a reasonable suspicion of illegal activity, and violated the Fourth Amendment's protection against unreasonable searches and seizures.

Affirmed and remanded.

---

[2] At the hearing, the Commonwealth never made any community caretaker argument that Deputy Lyons pulled Johnson over because he reasonably suspected Johnson was driving in a fatigued state. See Cady v. Dombrowski, 413 U.S. 433, 441 (1973); see also King v. Commonwealth, 39 Va. App. 306, 309, 572 S.E.2d 518, 520 (2002).

- 4 -