COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


LEONARD TERRELL WHITAKER

v.        Record No. 1859-07-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE CLEO E. POWELL
DECEMBER 23, 2008


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge
Richard D. Taylor, Jr., Judge

Jessica M. Bulos, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Leonard Terrell Whitaker ("Whitaker") was found guilty of one count of possession of a

Schedule I or II drug while in possession of a firearm, in violation of Code § 18.2-308.4(B), one

count of possession of marijuana with the intent to distribute, in violation of Code § 18.2-248.1,

one count of possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2, and

one count of carrying a concealed weapon, in violation of Code § 18.2-308.  Additionally,

Whitaker was found to have violated the terms of his previously suspended sentences.  On

appeal, Whitaker argues that the trial court erred in denying his motion to suppress the evidence

on the grounds that the search and seizure of Whitaker was a violation of his Fourth Amendment

rights.  Whitaker further argues that if the evidence is suppressed and his convictions are

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversed, the trial court erred in revoking his previously suspended sentences. For the reasons that follow, we affirm the decision of the trial court.

## I. BACKGROUND

On November 17, 2006, four City of Richmond police officers (Officers Lindsey, Young, Gilbert, and Partain) were on patrol in an unmarked police car. The officers were wearing plain clothes with placards that identified them as "Richmond Police." The area the officers were patrolling was considered a high crime area with a lot of drug activity.

In the area of 27th and P Streets, the officers observed a group of four men, including Whitaker, congregating on the sidewalk in front of a house. The officers exited the vehicle and made contact with the group in order to investigate possible trespassing and to advise the individuals that they could not block the sidewalk. While Officer Gilbert spoke with the individuals, Officer Lindsey approached the house to speak with the occupant in order to determine if the individuals were trespassing. Officer Lindsey knocked twice on the door, but received no response.

Officer Gilbert then noticed that Whitaker was on a bicycle riding away from the officers. Whitaker proceeded to ride the bicycle around the corner. Officer Gilbert informed Officer Lindsey, who followed Whitaker. Officer Lindsey then saw that Whitaker had abandoned the bicycle and was running down the alley. Officer Lindsey gave chase on foot while Officers Gilbert and Young attempted to follow Whitaker in the patrol car.

Whitaker proceeded to run down the alley, across a field and around houses, and jump over several fences. During the chase, Officer Lindsey did not notice anything unusual about Whitaker, other than the fact that he was running from police. Officers Gilbert and Young, however, noticed that Whitaker was holding the right pocket of his jacket while he ran.

Officer Lindsey chased Whitaker for about two blocks until Whitaker slipped on loose gravel and fell to the ground in a parking lot. Officer Lindsey kneeled down on top of Whitaker and was attempting to handcuff Whitaker when Officer Gilbert arrived. As the officers were attempting to handcuff Whitaker, Officer Lindsey noticed that Whitaker was trying to reach around to his (Whitaker's) right jacket pocket. Officer Lindsey told Officer Gilbert to "watch his right hand. He's trying to get something out of his pockets."

Whitaker then stated, "Sir, I've got a firearm in my pocket." Officer Gilbert retrieved the firearm, and Whitaker was arrested for possession of a concealed weapon. A search incident to arrest revealed a small amount of crack cocaine and sixteen plastic bags containing marijuana.

Officer Lindsey testified that he chased and detained Whitaker because Whitaker fled from the officers as they were talking to him and others about possible trespassing and blocking the sidewalk. Additionally, Officer Lindsey testified that the fact that the area was a high crime area with a lot of drug activity factored into his decision to detain Whitaker. Both Officer Lindsey and Officer Gilbert testified that Whitaker was not under arrest until they found out that he was carrying a concealed weapon.

The trial court denied Whitaker's motion to suppress the evidence and subsequently found Whitaker guilty on all charges. Additionally, Whitaker was found to have violated the terms of previously suspended sentences. The trial court revoked the suspended sentences on the basis of the new charges and ordered that Whitaker serve the previously suspended sentences concurrent with the new sentences.

## II. ANALYSIS

"[I]n reviewing a trial court's denial of a motion to suppress, 'the burden is upon [the appellant] to show that the ruling . . . constituted reversible error.'" Robinson v. Commonwealth, 47 Va. App. 533, 544, 625 S.E.2d 651, 656 (2006) (en banc) (quoting McGee v.

Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (additional citation omitted)). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

Appellant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of fact and law which this Court reviews *de novo*. Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003) (citing Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)). "In evaluating the claim, the appellate court must give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." Id.

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995).

When law enforcement officers encounter a group of citizens and merely identify themselves and state that they are conducting an investigation, this is a consensual encounter and not a seizure within the meaning of the Fourth Amendment. See McGee, 25 Va. App. at 199, 487 S.E.2d at 262.

A consensual encounter may evolve into a Terry stop. "In order to justify the brief seizure of a person by such an investigatory stop, the police officer must 'have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'"

- 4 -

<u>Whitfield</u>, 265 Va. at 361, 576 S.E.2d at 464-65 (quoting <u>Brown v. Texas</u>, 443 U.S. 47, 51 (1979)). "To determine whether a police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances." <u>Id.</u> (citation omitted).

In determining what objective facts an officer may rely upon in developing a reasonable suspicion, the United States Supreme Court has held that:

> Headlong flight -- wherever it occurs -- is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such. . . . Flight, by its very nature, is not "going about one's business"; in fact, it is just the opposite. Allowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning.

<u>Illinois v. Wardlow</u>, 528 U.S. 119, 124-25 (2000); <u>see also</u> <u>Whitfield</u>, 265 Va. at 362, 576 S.E.2d at 465; <u>Washington v. Commonwealth</u>, 29 Va. App. 5, 13, 509 S.E.2d 512, 516 (1999) (en banc) ("A single instance of attempted flight or furtive behavior by a suspect is suggestive of guilt . . . .").

Additionally, in <u>Wardlow</u>, the Supreme Court recognized that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." 528 U.S. at 124. Further, "officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation. Accordingly, we have previously noted the fact that the stop occurred in a 'high crime area' among the relevant contextual considerations in a <u>Terry</u> analysis." <u>Id.</u>

Whitaker first argues that the officers were not justified in seizing him because the officers had no reasonable, articulable suspicion that he was involved in any criminal activity. We disagree. While the encounter between Whitaker and police began as a consensual encounter, Whitaker's unprovoked attempt to flee the scene, in a high crime area with a high

incidence of drug activity, provided Officer Lindsey with a reasonable suspicion that Whitaker was involved in illegal activity. As such, Officer Lindsey's seizure of Whitaker was justified.

Whitaker next argues that Officer Gilbert's "hunch" about Whitaker being armed was an insufficient reason to justify the search of Whitaker. Again, we must disagree. Whitaker is correct that "an officer must be able to articulate more than an unparticularized suspicion or 'hunch' that criminal activity is afoot" to justify a search. McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 516 (2008) (citing Wardlow, 528 U.S. at 123-24). However, the fact that Officer Gilbert had a "hunch" about Whitaker being armed is irrelevant. Officer Lindsey observed Whitaker reaching for his pocket and commented on this fact prior to being informed of any "hunch" that Officer Gilbert may have had. There is nothing in the record to indicate that Officer Lindsey relied upon or was even aware of Officer Gilbert's "hunch." Additionally, Whitaker's spontaneous admission that he was armed, before any search was instigated, provided ample justification for the officers to retrieve the weapon.

### III.  CONCLUSION

An examination of the totality of the circumstances demonstrates that Officer Lindsey had a reasonable suspicion that Whitaker was involved in illegal activity. Furthermore, Whitaker's admission that he was armed justified the officers' actions in retrieving the firearm and their subsequent arrest of Whitaker. Therefore, the trial court did not err in denying the motion to suppress the evidence.

Furthermore, as Whitaker's underlying convictions were upheld, this Court need not further examine whether the trial court erred in revoking Whitaker's suspended sentences.

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>