Present:  All the Justices

PERNELL LEE VINEY

v.  Record No. 041338        OPINION BY JUSTICE DONALD W. LEMONS
                                    March 3, 2005

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In a bench trial in the Circuit Court for the City of
Hampton, Pernell Lee Viney ("Viney") was convicted of two
counts of taking indecent liberties with a child in violation
of Code § 18.2-370.  On appeal, Viney argues that there was
insufficient evidence of lascivious intent to sustain his
convictions.

I.  Facts and Proceedings Below

A.  Background

On April 14, 2002, thirteen-year-old A.L. and nine-year-
old H.H. rode their bicycles to Tyler Elementary School to
play.  As they were playing, both girls noticed Viney's maroon
car enter a parking lot adjacent to the playground.  According
to A.L., Viney began to clean his car.

When the girls left the playground, they rode their bikes
past Viney.  As they did so, A.L. testified that Viney "looked
up at us and we looked at him and then he looked down and we
looked down and he exposed himself."  In exposing himself,
A.L. testified that Viney "pulled his shorts up" and "to the

1

side."  Throughout the encounter, Viney said nothing to the girls and did not motion for them to approach him.

At trial, Viney testified that he was at the school cleaning his car, but that he did not intentionally expose himself to the girls.  Viney testified that he was wearing basketball shorts and an athletic supporter that was old, "stretched out in places," and "quite a bit worn."  Because of the condition of the athletic supporter, Viney stated that, "if something fell out, I mean it's possible.  I'm not denying that, but there was no lascivious intent.  It was not intentional and I wasn't aware of it."

### B.  Proceedings Below

During his bench trial, both upon conclusion of the Commonwealth's case-in-chief and upon conclusion of the presentation of all the evidence, Viney moved to strike the Commonwealth's evidence.  In denying the motion at the conclusion of all the evidence, the trial court stated:

> I have no doubt that what these – particularly what [A.L.] told me is anything but the truth.  I believe her one hundred percent and this can't happen two ways.  It can only happen one way and I believe what she told me.
> The real issue here is whether or not there is lascivious intent and I believe there was based on his actions, the motioning of the eyes and to direct their attention to his groin area and then he pulls up his shorts.

2

He says it never happened.  He says if it did, it was an accident and I just don't believe that.

The trial court found Viney guilty of both offenses as charged and sentenced Viney to serve a total of four years in prison, with three years suspended.

On appeal, the Court of Appeals considered the same issue now before this Court:  whether the evidence was sufficient to prove that Viney acted with lascivious intent.  A panel of the Court of Appeals unanimously affirmed the judgment of the trial court in an unpublished opinion.  Viney v. Commonwealth, No. 0559-03-1 (May 4, 2004).  We granted Viney's petition for appeal.

## II.  Analysis

### A.  Standard of Review

When examining a challenge to the sufficiency of the evidence, an appellate court must review the evidence in the light most favorable to the prevailing party at trial and consider any reasonable inferences from the facts proved. Zimmerman v. Commonwealth, 266 Va. 384, 386, 585 S.E.2d 538, 539 (2003).  The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is "plainly wrong or without evidence to support it."  Code § 8.01-680; Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004).

## B.  "Lascivious Intent"

Viney was indicted for violation of Code § 18.2-370(A)(1), which states:  "Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally . . . [e]xpose his or her sexual or genital parts to any child to whom such person is not legally married" shall be guilty of a Class 5 felony.  The term "lascivious" is not defined in the statute.  However, we defined it in McKeon v. Commonwealth, 211 Va. 24, 175 S.E.2d 282 (1970), as "a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." Id. at 27, 175 S.E.2d at 284.

We enumerated evidence that may prove lascivious intent as follows:  (1) that the defendant was sexually aroused; (2) that the defendant made gestures toward himself or to the child; (3) that the defendant made improper remarks to the child; or (4) that the defendant asked the child to do something wrong.  Id., 211 Va. at 27, 175 S.E.2d at 284; see also Campbell v. Commonwealth, 227 Va. 196, 200, 313 S.E.2d 402, 404 (1984).  "The four factors identified in McKeon are set forth in the disjunctive.  This means that proof of any one factor can be sufficient to uphold a conviction under the statute."  Campbell, 227 Va. at 200, 313 S.E.2d at 404.

<u>McKeon</u> involved a conviction under former Code § 18.1-214.[*]
<u>Campbell</u> involved a conviction under the current statute at issue in this case, Code § 18.2-370.

### C. Sufficiency of the Evidence

Viney maintains that his conduct amounts to no more than indecent exposure punishable as a Class 1 misdemeanor. Code § 18.2-387. He asserts that lack of proof of lascivious intent precludes his conviction for a felony. Viney and the Commonwealth agree that only one of the four factors mentioned in <u>McKeon</u> is at issue in this case: that the defendant made gestures toward himself or to the child.

Viney contends that his "glance down, as a matter of law, is far short of what has ever been considered a 'gesture' sufficient to establish 'lascivious intent.' " He argues that eye movements do not constitute a gesture and that, even if considered a gesture, his eye movements in this case cannot prove lascivious intent.

The Commonwealth replies that "a rational trier of fact could conclude that the evidence proved beyond a reasonable doubt that Viney's eye movement, combined with the purposeful movement of his shorts" was a gesture sufficient "to prove he exposed his penis with lascivious intent." We agree with

---

[*] Repealed by Acts 1975, cc. 14, 15.

5

Viney that, absent proof of lascivious intent, he could only be found guilty of misdemeanor indecent exposure under Code § 18.2-387. However, we agree with the Commonwealth that the proof in this case satisfies the evidentiary standard for lascivious intent under Code § 18.2-370.

A gesture is "a movement usually of the body or limbs that symbolizes or emphasizes an idea, sentiment, or attitude." Webster's Third New International Dictionary 952-53 (1993). While Viney apparently disagrees, we have little trouble concluding that the eyes are a part of the body and that they are used for non-verbal communicative purposes. But this case is not about eye movements or glances alone. The evidence proves that Viney made eye contact with the girls and then directed their attention to his groin area by intentionally glancing down. Only then did he intentionally pull his shorts aside to expose his previously unexposed penis. Unquestionably, Viney's acts qualify as a "gesture." The remaining issue is his intent.

Intent may be, and most often is, proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts. Commonwealth v. Hudson, 265 Va. 505, 512-14, 578 S.E.2d 781, 785-86, cert. denied, 540 U.S. 972 (2003). Viney urges us to compare the facts of previous opinions of the Court in consideration of proof of lascivious

intent.  Upon doing so, we conclude that the Commonwealth's proof was sufficient to establish beyond a reasonable doubt that Viney acted with lascivious intent.

In McKeon, the defendant was dressed in a bathrobe standing on his porch.  He called to a young girl to "turn around."  When she did so, she saw him smiling, with his hands on his hips and his robe open in the front exposing his "private parts."  211 Va. at 24-25, 175 S.E.2d at 283.  We noted there was "no evidence that the defendant was sexually aroused; that he made any gestures toward himself or to her; that he made any improper remarks to her; or that he asked her to do anything wrong."  Id. at 27, 175 S.E.2d at 284.  We reversed McKeon's conviction for lack of proof of lascivious intent beyond a reasonable doubt.  By contrast, in this case, Viney's gesture included making eye contact with the girls and then, by glancing down to his groin, he directed their eyes to his groin.  Having directed their attention to his groin, he then moved his shorts aside and exposed his penis.

In Breeding v. Commonwealth, 213 Va. 344, 192 S.E.2d 807 (1992) (per curiam), we held that the accused did not act with lascivious intent when he drove to an area where two girls were playing and asked them for directions.  He was seated in the car with his trousers unbuckled and unzipped.  The girls testified that they saw his "privacy."  Id. at 344, 192 S.E.2d

7

at 807.  We held that there was no evidence that Breeding made any "suggestive remarks or gestures and there was no evidence he was sexually aroused."  Id. at 344-45, 192 S.E.2d at 807.  As in McKeon, it was the lack of proof of particular acts from which inferences of intent could be drawn that caused this Court to reverse Breeding's conviction.

Viney's conduct evincing his intent is more akin to the facts presented in Campbell v. Commonwealth.  The evidence proved that Campbell had been hiding behind a bush.  He gestured "toward himself" to get the attention of an 8 year old girl.  Upon getting her attention, he pulled his pants off to his knees, exposing his genitalia.  Campbell, 227 Va. at 197-98, 313 S.E.2d at 403.  After he exposed himself, Campbell "beckoned" to the girl again.  Id. at 198, 313 S.E.2d at 403.  Like Campbell, Viney used a gesture to direct attention to himself and more particularly to his groin area.  Like Campbell, after Viney directed the girls' attention to his groin, he purposefully adjusted his clothing to expose his previously unexposed penis.

Because of gestures and other direct and circumstantial evidence taken in context, the evidence proves that Viney exposed his genital parts to two children while evincing a "state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and

8

appetite." <u>McKeon</u>, 211 Va. at 27, 175 S.E.2d at 284. Upon consideration of our case law and the facts of this case, we cannot say that the trial court was plainly wrong or without evidence to support its judgment. Nor can we conclude that the Court of Appeals erred in its affirmation of the trial court's judgment.

III.  Conclusion

For the reasons discussed herein, the judgment of the Court of Appeals will be affirmed.

<u>Affirmed</u>.