COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


GAHAAD JACKSON
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1657-07-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                          AUGUST 5, 2008
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                               William L. Wellons, Judge

              Leslie E. Schneider, Senior Assistant Public Defender, for appellant.

              Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Gahaad Jackson appeals his convictions of possession of marijuana with intent to

distribute and possession of cocaine with intent to distribute that relate to two separate incidents.

He argues the searches that took place during these incidents violated the Fourth Amendment

and the trial court should have granted his motions to suppress the evidence obtained from these

searches.  We disagree and affirm the trial court.

                                      STANDARD OF REVIEW

       To prevail on appeal Jackson bears the burden to "show that the trial court's denial of his

suppression motion[s], when the evidence is considered in the light most favorable to the

 prosecution, was reversible error."  Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d

463, 464 (2003).  That principle requires us to "'discard the evidence of the accused in conflict

with that of the Commonwealth, and regard as true all the credible evidence favorable to the

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)). See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

"Though the ultimate question whether the officers violated the Fourth Amendment triggers *de novo* scrutiny, we defer to the trial court's findings of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 449-50 (2003) (quoting Barkley v. Commonwealth, 39 Va. App. 682, 689-90, 576 S.E.2d 234, 237-38 (2003)). Therefore, we give "'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment." Kyer v. Commonwealth, 45 Va. App. 473, 479, 612 S.E.2d 213, 217 (2005) (quoting Whitfield, 265 Va. at 361, 576 S.E.2d at 464).

## I. FIRST INCIDENT

### A. Background

While on routine patrol in the town of South Hill at approximately 10:42 p.m., Sergeant R.E. Edmonds was parked on East Atlantic Street and heard loud music emanating from Jackson's vehicle, traveling east on the street. There were businesses, hotels, and residential areas in the general area. When he first heard the noise, Edmonds was located one hundred yards away from Jackson's vehicle. The noise became louder as Jackson's vehicle approached Edmonds' location. Edmonds pursued and initiated a traffic stop of Jackson's vehicle to

investigate a violation of the town noise ordinance. According to § 42-131 of the town code, it is "unlawful for any person to create or assist in creating, permit, continue or permit the continuance of any unreasonably loud, disturbing or unnecessary noise in the town." According to Code § 42-132, radio music in residential or business areas "in a manner that disturbs the quiet, comfort or repose of persons in the vicinity" is specifically included. That section also states that the specific prohibitions identified are not exclusive.

After he stopped the vehicle and detected the odor of marijuana, a search of Jackson's person and vehicle led to the discovery of marijuana.[1] Jackson filed a motion to suppress which the trial court denied. He thereafter entered a conditional plea of guilty to possession of marijuana with intent to distribute.

B. Analysis

On appeal, Jackson maintains his motion to suppress should have been granted because Edmonds did not have a reasonable articulable suspicion to stop Jackson for violation of the noise ordinance and argues he was not engaged in unlawful conduct at the time of his stop.

"[A] person may be detained briefly for questioning by an officer who has 'a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988) (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)) (internal quotation and citation omitted). "[W]hen a court reviews whether an officer had reasonable suspicion to make an investigatory stop, it must view the totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer." Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989). "[T]he

---

[1] During this incident, Officer Calvin Holmes, who was the officer involved in the second incident, arrived to assist Edmonds.

likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." United States v. Arvizu, 534 U.S. 266, 274 (2002).

Jackson's argument confuses the difference between probable cause required for an arrest and reasonable suspicion required for an investigatory search and ignores the general prohibition provided for in Code § 42-131. Jackson argues that the town ordinance requires more than one person be disturbed and the Commonwealth only proved that Edmonds was disturbed. See Code § 42-132 (including as loud, disturbing or unnecessary noise radio music in residential or business areas "in a manner that disturbs the quiet, comfort or repose of *persons* in the vicinity" (emphasis added)). However, that argument only relates to Code § 42-132 which lists specific prohibitions. Unreasonably loud, disturbing or unnecessary noise in the town is generally prohibited by Code § 42-131. And the Commonwealth was not required to prove Jackson was in violation of the ordinance - only that Edmonds had a reasonable suspicion that Jackson was in violation or soon would be in violation of either section of the ordinance. Arvizu, 534 U.S. at 274; Brown, 443 U.S. at 51. Based on the officer's testimony that he could hear loud music emanating from Jackson's vehicle one hundred yards away, the Commonwealth's evidence clearly met this standard. Thus, the trial court did not err in denying the motion to suppress.

## II. SECOND INCIDENT

### A. Background

Officer Holmes, while on patrol at 2:00 a.m., was traveling west on East Ferrell Street and observed Jackson's vehicle traveling east and approaching Holmes with his right turn signal flashing quickly. When Holmes passed the vehicle, he noticed in his rearview mirror that the rear signal light was not flashing on Jackson's vehicle as Jackson turned onto Beaver Creek Road. Believing Jackson's vehicle may have defective signals, Holmes turned around and found

- 4 -

Jackson stopped on Beaver Creek Road in an area of townhouses. He observed one male exit the vehicle. Without activating his lights or siren, Holmes parked his vehicle at a distance behind Jackson's vehicle so as not to obstruct it and approached Jackson's vehicle. While standing on the driver's side between the front and rear doors, Holmes asked Jackson in a normal tone whether he was visiting someone there. Jackson replied that he was visiting "Chris" but did not know where he lived. Jackson did not provide any form of identification when asked by Holmes but said he was "Gahaad Patterson." Having been involved in the investigation of the first incident, Holmes knew this was not his name and Jackson ultimately properly identified himself. During this encounter, Holmes discussed the defective turn signal with Jackson who told Holmes he had used his blinker. After the officer asked Jackson to exit the vehicle, a search of his person and vehicle revealed the presence of cocaine.

Jackson filed a motion to suppress which the trial court denied. He entered a conditional plea of guilty to the charge of possession of cocaine with intent to distribute.

### B. Analysis

Jackson argues that Holmes' encounter with him was in violation of the Fourth Amendment because it was nonconsensual and thus pretextual. The "question presented" asks only whether the trial court erred in denying the motion to suppress "when the encounter between the law enforcement officer and the Appellant was Pretextual."

Although there is no merit in Jackson's argument that the encounter was nonconsensual, see, e.g. , United States v. Mendenhall, 446 U.S. 544, 554 (1980), and Malbrough v. Commonwealth, 275 Va. 163, 655 S.E.2d 1 (2008), his question presented does not ask us whether the encounter was nonconsensual. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001); see also Lay v. Commonwealth, 50 Va. App. 330, 336 n.3, 649

S.E.2d 714, 716 n.3 (2007) (explaining that under Rule 5A:12(c) "[w]e . . . do not answer [an] unasked question").

Furthermore, "'the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" Whren v. United States, 517 U.S. 806, 813 (1996) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)). Thus, Holmes' motives in approaching Jackson are irrelevant.

For the foregoing reasons, we affirm Jackson's convictions.

Affirmed.