PRESENT:  All the Justices

LEVIN GRIMES
                                        OPINION BY
v.  Record No. 131847        CHIEF JUSTICE CYNTHIA D. KINSER
                                     OCTOBER 31, 2014
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The defendant, Levin Grimes, appeals his conviction of statutory burglary in violation of Code § 18.2-91. Specifically, Grimes challenges the sufficiency of the evidence to sustain his conviction, asserting that the Commonwealth proved only that he went into a "crawl space" underneath a dwelling house and failed to prove that he broke and entered into the actual dwelling house.  Because the crawl space was structurally part of the dwelling house, we will affirm the judgment of the Court of Appeals of Virginia upholding the conviction.

RELEVANT FACTS AND PROCEEDINGS

The crawl space at issue in this appeal is situated underneath a one-story, brick house located in the City of Newport News.  Built into the lower, exterior back wall of the house, a small, square door opens into an area containing plumbing, wiring, insulation, and ductwork.  This space is enclosed within the structure of the house, under the same roof, but contains no direct access to any other portion of the house.

Entry to this space is gained only through the small door located in the exterior wall of the house.

On June 18, 2012, two neighbors standing behind the house heard noises underneath it and noticed that the door leading to the crawl space was opened slightly. The neighbors observed Grimes and another man emerge from the crawl space covered in wet mud and sand and carrying several pieces of copper pipe under their arms. A police officer subsequently apprehended Grimes and found copper pipe, a flashlight, and three cutting tools upon his person. Additional police officers discovered identical copper pipe scattered throughout the house's yard and inside the crawl space. Police officers observed that the lock on the door to the crawl space had been cut and the door was open.

At the conclusion of the Commonwealth's evidence during a bench trial in the Circuit Court for the City of Newport News, Grimes moved to strike the statutory burglary charge, arguing that his conduct did not satisfy the requirements for statutory burglary because he "didn't actually go into the house," but rather, "went underneath the house." The circuit court denied the motion. Grimes presented no evidence but renewed his motion to strike. The circuit court found Grimes guilty of statutory burglary and other charges not relevant to this appeal. Grimes appealed his convictions to the Court of Appeals. The Court of

Appeals affirmed the judgment of the circuit court with regard to the statutory burglary conviction,[1] concluding that because "the crawl space of the house is enclosed within the walls of the house" and because "[a]ccess to the crawl space is through a separate exterior door that is built into the lower part of one of the exterior walls of the dwelling house," the crawl space "thus physically constitutes part of the 'dwelling house.'"  Grimes v. Commonwealth, 62 Va. App. 470, 480, 749 S.E.2d 218, 223 (2013).  We awarded Grimes this appeal.

ANALYSIS

The elements of statutory burglary for which Grimes was convicted are set forth in Code § 18.2-91.  In pertinent part, the statute states that "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny . . . he shall be guilty of statutory burglary."  Code § 18.2-90 includes the act of breaking and entering into a dwelling house in the daytime.

This statute, like all burglary laws, is "based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation – the danger that the intruder will harm the occupants in attempting to perpetrate the intended

---

[1] The Court of Appeals reversed the circuit court's judgment with regard to some of Grimes' other convictions and remanded for a new trial.  Grimes v. Commonwealth, 62 Va. App. 470, 481, 749 S.E.2d 218, 223 (2013).

3

crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inciting more violence." Yeatts v. Commonwealth, 242 Va. 121, 140, 410 S.E.2d 254, 266 (1991) (internal quotation marks omitted); see also Compton v. Commonwealth, 190 Va. 48, 55, 55 S.E.2d 446, 449 (1949) (holding that "[b]urglary [is] primarily an offense against the security of the habitation"). Indeed, we have defined a "dwelling house" for purposes of the burglary statutes as "a house that one uses for habitation, as opposed to another purpose." Giles v. Commonwealth, 277 Va. 369, 375, 672 S.E.2d 879, 883 (2009); see also Graybeal v. Commonwealth, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985) (holding that defendant did not commit statutory burglary because "the structures broken and entered into were trailers," and "there was no proof that the trailers were used as dwellings or places of human habitation").

Grimes does not dispute that the portion of the structure situated above the crawl space is a dwelling house. Thus, the question in this appeal is whether the crawl space also constitutes part of the dwelling house for purposes of Code § 18.2-91.

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth,

4

and accord to it all inferences fairly drawn from the evidence. <u>Viney v. Commonwealth</u>, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). We will not set aside a trial court's judgment unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; <u>Viney</u>, 269 Va. at 299, 609 S.E.2d at 28.

To the extent that the issue before us involves statutory interpretation, it is a question of law reviewed de novo on appeal. <u>Washington v. Commonwealth</u>, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006). Although penal statutes are to be strictly construed against the Commonwealth, <u>Turner v. Commonwealth</u>, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983), we give the term "dwelling house" its ordinary and plain meaning, considering the context in which it is used. <u>See</u> <u>Southern Ry. Co. v. Commonwealth</u>, 205 Va. 114, 116-19, 135 S.E.2d 160, 164-66 (1964). A defendant is not "entitled to a favorable result based upon an unreasonably restrictive interpretation of [a] statute." <u>Ansell v. Commonwealth</u>, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979).

Grimes contends that because there is no access between the crawl space and the remaining portion of the structure above it, and because the crawl space itself is not suitable for habitation, it does not constitute part of the dwelling house. The crawl space, however, is structurally part of the house. It is physically contained within the four exterior walls, i.e.,

the vertical plane, of the house; it is under the same roof; and it contains integral utilities, such as plumbing and ductwork, that are needed in a dwelling house. As other courts have explained, when an area of a house is "functionally interconnected with and immediately contiguous to other portions of the house," it constitutes part of the dwelling house. Burgett v. State, 314 N.E.2d 799, 803 (Ind. Ct. App. 1974); accord People v. Moreno, 204 Cal. Rptr. 17, 19 (Cal. Ct. App. 1984); State v. Moran, 324 P.3d 808, 812 (Wash. Ct. App. 2014). See also Mitchell v. Commonwealth, 11 S.W. 209, 209-10 (Ky. 1889) (holding that a cellar located under a dwelling constituted part of the dwelling, despite "no means of internal communication between them," because the cellar "is under the same roof [and] is . . . part and parcel of the habitation"). Based on the facts here, the crawl space falls within the plain meaning of the term "dwelling house."[2]

## CONCLUSION

For these reasons, we conclude, like the Court of Appeals, that the crawl space in this case constitutes part of the dwelling house. Thus, the evidence was sufficient to sustain Grimes' conviction of statutory burglary. We will therefore affirm the judgment of the Court of Appeals.

---

[2] As the Court of Appeals noted, the evidence also showed a breaking and entering into the crawl space by Grimes. Grimes, 62 Va. App. at 480, 749 S.E.2d at 223.

6

<u>Affirmed</u>.