PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, McClanahan, and Powell, JJ., and Koontz, S.J.

DAVID KELLEY

OPINION BY

v.   Record No. 140837     JUSTICE ELIZABETH A. McCLANAHAN

April 16, 2015

COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

A jury convicted David Kelley of two counts of distributing child pornography in violation of Code § 18.2-374.1:1.  Kelley contends the evidence was insufficient to prove distribution because the peer-to-peer software[1] he used to access and download child pornography automatically placed the child pornography files into a shared folder accessible to other users of the software.  We will affirm the judgment of the Court of Appeals upholding the convictions.

I.  BACKGROUND

Special Agent Chad Morris is employed by the Virginia State Police and assigned to the Northern Virginia/D.C./Metro Area Internet Crimes Against Children (ICAC) Task Force.  In connection with his work on the ICAC Task Force, Morris utilizes Ares, a peer-to-peer file-sharing program, to identify

_____

[1] "Peer-to-peer file-sharing software enables a communal network which exist[s] – as the name 'file-sharing' suggests – for users to share, swap, barter, or trade files between one another."  United States v. Wheelock, 772 F.3d 825, 832 n.4 (8th Cir. 2014)(internal quotation marks and citation omitted).

the Internet Protocol (IP) addresses of computers with files believed to contain child pornography available to share.

As explained by Morris in his testimony given in this case, Ares is free software that, once installed on a computer, allows the exchange of files through the Internet.[2]  Upon initiating Ares, the user enters search terms to identify files of other peer-to-peer users online that meet the search criteria.  Ares then displays a list of files available from other computers, and the user may select specific files to download.  As the files are downloaded, they are placed into a shared folder generally designated on the user's computer directory as "My Shared Files."  This folder is accessible to other peer-to-peer users unless the settings are changed by the user to preclude access.  According to Morris,

> the whole basic concept of peer-to-peer, is you borrow or download files from other folks and you now possess those, but also share it with the rest of the community, otherwise you're not really much use to your other peers.  So you use peer-to-peer software to download files from other users and share files with those same common users.

On April 25, 2012, in the course of using Ares to investigate distribution of child pornography on the Internet

---

[2] See Ares Free, What is Ares? http://www.aresfree.net/what-is-ares (last visited March 20, 2015).

by persons in the Harrisonburg area, Morris identified an IP address with 38 files believed to contain child pornography available to share on the Ares network.  Upon sending a request to the identified computer to share two of these files, Morris was permitted to download both files, which were confirmed by him to contain child pornography.  The IP address was subsequently traced to Kelley's home.

On May 18, 2012, at approximately 6:15 a.m., members of the ICAC Task Force and the Harrisonburg Police Department executed a search warrant upon Kelley's home.  Investigator Greg Miller, accompanied by another investigator, both with the Harrisonburg Police Department, spoke to Kelley in his bedroom. Kelley acknowledged he was familiar with file-sharing software and Ares in particular.  Kelley told Miller he uses Ares "for music," explained "how it worked," and said the files he stored were "on a shared folder located on his desktop."

When Miller informed Kelley that child pornography was found on his computer, Kelley said he was in the process of downloading child pornography onto his laptop when they arrived and initially claimed that "[j]ust now when you all knocked on the door was the first time I've downloaded anything in the folder," adding that they would find the videos in his shared folder.  Kelley directed Miller to his laptop computer, which

3

was found in his bedroom closet, in a backpack underneath some clothing.

Kelley ultimately admitted he had used Ares on previous occasions to download child pornography.  When asked about the specific date on which Special Agent Morris accessed the two videos from Kelley's computer, Kelley responded, "You would know."  When Miller asked Kelley how long he had been "dealing child pornography," Kelley said "maybe four years."  Kelley repeatedly told Miller that he did not share the files but downloaded them and "just deleted [the files] out of the share folder."

At trial, Kelley called Daniel Reefe to testify as an expert in computer forensics.  Reefe confirmed that Ares creates the "My Shared Files" folder as a default option upon installation of the program.  Therefore, when using Ares, files selected will automatically download into the shared folder unless the user chooses to place the files elsewhere to prevent sharing by other users.

Kelley was convicted by the jury of two counts of distribution of child pornography and ten counts of possession of child pornography in violation of Code § 18.2-374.1:1.[3]  The

---

[3] Investigator Christopher O'Neill, a computer forensics expert with the Harrisonburg Police Department, performed a preliminary examination on Kelley's laptop computer.  O'Neill

4

Court of Appeals, by a per curiam order, denied Kelley's petition for appeal.

## II. ANALYSIS

On appeal, Kelley argues that the evidence was insufficient "to prove distribution of child pornography based upon the presence and automatic actions of a peer-to-peer program on Kelley's computer."

When the sufficiency of evidence is challenged on appeal, we review the evidence in the "light most favorable" to the Commonwealth, as the party prevailing at trial. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis, internal quotation marks and citation omitted). We will not

_____

found ten files containing child pornography in the shared folder on Kelley's laptop. Special Agent Hugh Thatcher, Jr., a member of the Electronic Crimes Task Force of the United States Secret Service, performed a full forensic examination on Kelley's laptop computer and confirmed O'Neill's findings. These ten files formed the basis of indictments against Kelley on ten charges of possession of child pornography. Kelley's convictions on these charges are not before us on appeal.

set aside the trial court's judgment unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).

Kelley was convicted of two counts of distribution of child pornography in violation of Code § 18.2-374.1:1(C)(i). This statute provides, in pertinent part, that any person who "reproduces by any means, including by computer, sells, gives away, distributes, [or] electronically transmits" child pornography shall be guilty of violating said statute.

The evidence is undisputed that Kelley downloaded the Ares software onto his laptop and used Ares to search for and download the child pornography files that were accessed by Morris from Kelley's shared folder. As Morris explained, the whole purpose of Ares is to facilitate sharing of files among the network of users.

> By downloading Ares, which is a peer-to-peer file-sharing software, it's inherent that . . . peer-to-peer users know that they're sharing files amongst their peers. And by having those in a shared folder available for me to view and not changing the settings or having the settings so that [Kelley] would download or make available to share those [Kelley] essentially allowed me [access].

Thus, in downloading the child pornography files into his shared folder, Kelley made the files available for sharing with Morris.

6

Kelley could have prevented other Ares users, including Morris, from downloading those files from Kelley's computer, but he did not do so.  According to Morris,

> I searched like any other user would, identified that he had those [files] to share and downloaded those.  Some folks, which was not the case here, can actually stop and interrupt that download. They often times do that.  In this particular case I was able to download two complete files without interruption or without [Kelley] stopping that or prohibiting that share.

We reject Kelley's contention that the evidence was insufficient to prove distribution because the files were shared "without any volition on the part of Kelley."  Kelley chose to download the Ares software onto his laptop computer by which he voluntarily participated in peer-to-peer file-sharing of child pornography.  Whether Kelley's shared folder containing the child pornography was created as a default option by the software or by Kelley himself, the child pornography files were, in fact, downloaded by Kelley into his shared folder and, thereby, made available to other users of Ares.

Although Kelley could have changed the settings on his laptop to preclude sharing of his downloaded files or prevented Morris from downloading the files from Kelley's shared folder, he chose not to do so.  Kelley was familiar with the operation of the software, having used it before to download music, and

7

he even explained to Miller "how it worked."  Therefore, reasonable jurors could conclude that Kelley, by his own volition, shared the child pornography files with Morris. Accordingly, the evidence was sufficient for the jury to find that Kelley reproduced by any means, including by computer, sold, gave away, electronically transmitted or distributed child pornography in violation of Code § 18.2-374.1:1(C)(i).

III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>