COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Callins


JOSHUA LEE CARPENTER

v.     Record No. 0353-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 10, 2024


FROM THE CIRCUIT COURT OF NEW KENT COUNTY
William H. Shaw, III, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


A jury convicted Joshua Lee Carpenter in the Circuit Court of New Kent County of

attempted forcible sodomy of a child less than 13 years of age in violation of Code § 18.2-67.1 and

taking indecent liberties with a child less than 15 years of age by a parent in violation of Code

§ 18.2-370.  Carpenter was sentenced to 20 years' incarceration—10 years per conviction—with a

total of 17 years and 9 months suspended.  On appeal, Carpenter argues that the trial court erred in

denying his motion to strike the charges.  Finding no error, we affirm.[1]

I. BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

In 2021, Carpenter was in a relationship with his girlfriend, and the pair recently had a child together. They lived together with their baby daughter, who was approximately eight months old at the time of the incident. On July 20, 2021, Carpenter's girlfriend found a video of "sexual content" between Carpenter and their child. She determined that the video was filmed in the couple's residence because she recognized the child's baby swing. The video had been recorded on July 2, 2021.

After discovering the video on Carpenter's phone, Carpenter's girlfriend left the residence with their child and called the police to report a sexual assault. She also took Carpenter's phone with her. She showed the video to Officer Ryan Shobe of the New Kent County Sheriff's Office, who used an "evidentiary capture device" to preserve the video. Officer Shobe then collected the cell phones of Carpenter and his girlfriend to secure them as evidence.

After meeting with Carpenter's girlfriend, Officer Shobe arrested Carpenter, advised him of his *Miranda*[2] rights, and interviewed him. Carpenter acknowledged that the video from his phone was "very awkward" and "look[ed] bad," but he maintained "that it was not what it looked like and that he was actually feeding his baby food." Carpenter was charged with possession of child pornography, production of child pornography, taking indecent liberties with a child, and attempted forcible sodomy of a child.

Special Agent Gattuso of the Virginia State Police created a version of the video that was brightened, slowed, and color-adjusted for clarity, and it was admitted into evidence alongside the

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

original video without objection.  In the enhanced video, an adult male, identified as Carpenter by his girlfriend, is shirtless with his pants unbuttoned and unzipped leaning over his daughter in her baby swing.  Carpenter can be seen touching his genitalia as he directs his penis toward the child's mouth.

At trial, Carpenter testified in his own defense.  He alleged that his girlfriend was angry with him because she suspected he was cheating on her.  He stated others had access to his phone.  Carpenter denied that the video shown to the jury was the same video that Officer Shobe showed him when he was interviewed.[3]  Carpenter told the jury that in the video he is feeding his daughter a banana: "I was eating a banana at the time, like before I set her down, and she was looking at me like with puppy-dog eyes.  So I bent down, I gave her some, and then I stood back up and watched her eat it all . . . ."  He stated he referred to the banana as "contraband" during the initial police interview because he was unsure if he was supposed to feed his child a banana.

In a motion to strike after the Commonwealth presented its evidence, Carpenter argued that the evidence was insufficient, as a matter of law, to sustain the charges because the video did not depict a sexual act and Carpenter's penis was not visible.  Carpenter argued that the video was merely "suspicious."  The trial court denied the motion.  Carpenter renewed the motion after he testified on his own behalf, and the trial court again denied the motion.

The jury ultimately found Carpenter guilty of taking indecent liberties with a child in violation of Code § 18.2-370[4] and attempting to commit forcible sodomy of a child in violation of

---

[3] Officer Shobe was called in rebuttal and provided that the video shown to Carpenter during his police interview was the same video presented to the jury.

[4] Carpenter was originally indicted for taking indecent liberties with a child under Code § 18.2-370.1(A); however, the indictment was subsequently amended, and Carpenter was charged under Code § 18.2-370(D)(ii).

Code § 18.2-67.1.[5]  By order dated February 13, 2023, the trial court imposed a total sentence of 20 years for both convictions with 17 years and 9 months suspended, resulting in an active sentence of 2 years and 3 months of imprisonment.  Carpenter appeals.

## II.  ANALYSIS

*The trial court did not err in denying Carpenter's motion to strike.*

When a defendant challenges the sufficiency of the evidence after introducing evidence on his own behalf, the only question to be considered by the trial court, and subsequently by the Court on appeal, is whether considering all the evidence, the guilt of the accused is established beyond a reasonable doubt.  *See Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 74 (2010).  "[T]he court on motion of the accused may strike the Commonwealth's evidence if the evidence is insufficient as a matter of law to sustain a conviction."  Rule 3A:15(a).

"When the sufficiency of the evidence is challenged on appeal, this Court 'must affirm the conviction unless it is plainly wrong or without evidence to support it.'"  *Gerald v. Commonwealth*, 68 Va. App. 167, 172 (2017) (quoting *Spencer v. City of Norfolk*, 271 Va. 460, 463 (2006)).  Further, "we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court."  *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Hudson*, 265 Va. at 514).  We "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  *Id.* (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).  "[O]n appellate review, [the court] view[s] video evidence not to determine what [the court] think[s] happened, but for the limited purpose of determining whether any rational factfinder could have

---

[5] Carpenter was found not guilty of producing child pornography in violation of § 18.2-374.1 and possession of child pornography in violation of Code § 18.2-374.1:1; therefore, we do not address those charges on appeal.

viewed it as the [factfinder] did." *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (sixth alteration in original).

A. *Taking indecent liberties with a child less than 15 years of age*

"Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony: (1) Expose his . . . sexual or genital parts to any child to whom such person is not legally married[.]" Code § 18.2-370(A). "Any parent . . . who commits a violation of . . . this section . . . (ii) upon his child . . . less than 15 years of age is guilty of a Class 4 felony." Code § 18.2-370(D). "[I]n the context of Code § 18.2-370, 'expose' unambiguously means revealing one's genitalia to sight." *Farhoumand v. Commonwealth*, 288 Va. 338, 343 (2014).

As used in this statute, our Supreme Court has defined lascivious "as 'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.'" *Dietz v. Commonwealth*, 294 Va. 123, 136 (2017) (quoting *Viney v. Commonwealth*, 269 Va. 296, 299 (2005)). "We enumerated evidence that may prove lascivious intent as follows: (1) that the defendant was sexually aroused; (2) that the defendant made gestures toward himself or to the child; (3) that the defendant made improper remarks to the child; or (4) that the defendant asked the child to do something wrong." *Viney*, 269 Va. at 300. Because these factors are provided in the disjunctive, "proof of any one factor can be sufficient to uphold a conviction under the statute." *Id.* (quoting *Campbell v. Commonwealth*, 227 Va. 196, 200 (1984)). "Intent may be, and most often is, proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts." *Id.* at 301.

Carpenter's primary argument is that the video evidence is insufficient, as a matter of law, to establish that he knowingly and intentionally exposed his genital parts to his eight-month-old daughter with lascivious intent. He argues the video was "ambiguous, blurry, and poorly recorded,"

and as a result "the trier of fact [had] to engage in conjecture and speculation about what was happening." Appellant's Br. at 25. Carpenter further argues that his penis is not visible in the video and that there is a lack of physical evidence. Carpenter claims the Commonwealth failed to exclude his reasonable hypothesis of innocence that he was feeding his child food in the video.

Despite Carpenter's arguments, we have no trouble concluding that the trial court did not err in denying Carpenter's motion to strike the charge of taking indecent liberties with a child under the age of 15 in violation of Code § 18.2-370(D)(ii). Simply put, there was sufficient evidence that Carpenter intended to expose his genitalia to his baby daughter with lascivious intent.

Viewing the evidence in the best-light to the Commonwealth, the video in question was discovered on Carpenter's phone. The video was taken at the couple's residence. Carpenter was identified as the person in the video by his girlfriend. Carpenter admits he is in the video, which he concedes was "very awkward." In the video, Carpenter is shirtless leaning over his eight-month-old daughter as he puts his genitalia in his daughter's face. A factfinder could reasonably reject Carpenter's hypothesis of innocence[6] and conclude that the video shows Carpenter fondling his private parts as he puts his penis on or near the child's mouth. Moreover, because there was disputed testimony between the witnesses, including Carpenter, his girlfriend, and Officer Shobe, the jury needed to make credibility determinations, which it resolved against Carpenter. *See Elliott v. Commonwealth*, 277 Va. 457, 462 (2009) (stating that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented").

---

[6] "[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." *Fary v. Commonwealth*, 77 Va. App. 331, 344 (2023) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017)), *aff'd*, 303 Va. 1 (2024).

Based on these facts, the trial court did not err in denying Carpenter's motion to strike this charge. There was evidence as to every element of the offense. Carpenter was an adult and the parent of the child in the video. Carpenter knowingly and intentionally exposed his genital parts to his daughter. Carpenter's action was done with the requisite intent: a factfinder could infer that Carpenter's fondling of his penis in front of his eight-month-old child's mouth, while being recorded, was intended for his own sexual gratification. In conclusion, there was sufficient evidence for this charge to go to the jury, and the trial court did not err in denying Carpenter's motion to strike this charge. We affirm Carpenter's conviction for taking indecent liberties with a child in violation of Code § 18.2-370.

### B. Attempted forcible sodomy of a child less than 13 years of age

Carpenter was also convicted of attempted forcible sodomy in violation of Code § 18.2-67.1.[7] "An accused shall be guilty of forcible sodomy if he . . . engages in . . . fellatio . . . with a complaining witness" and "[t]he complaining witness is less than 13 years of age[.]" Code § 18.2-67.1(A)(1). Under this statute, "[t]o prove fellatio, the Commonwealth had to prove that appellant put his penis in the victim's mouth." *Klevenz v. Commonwealth*, No. 2481-11-2, slip op. at 13 (Va. Ct. App. Feb. 5, 2013).[8] "An attempt is composed of the intention to commit the crime, and the doing of some direct act towards its consummation that is more than mere preparation but falls short of execution of the ultimate purpose." *Gray v. Commonwealth*, 260 Va. 675, 681 (2000). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." *Ridley v. Commonwealth*, 219 Va. 834, 836 (1979).

---

[7] Carpenter was initially indicted under this code section for committing forcible sodomy, but the indictment was subsequently amended to an attempt crime. *See* Code § 18.2-26 (prescribing punishment for attempted felony crimes).

[8] *See* Rule 5A:1(f) (providing unpublished opinions may be cited as informative).

Carpenter argues that the trial court erred in denying his motion to strike this charge because there was insufficient evidence, as a matter of law, that he attempted to engage in fellatio with a child less than 13 years of age. Carpenter argues the video is unclear and that his penis is not visible in the video. He adds that there was no eyewitness to the incident and that he never confessed to engaging in sexual contact with his young child. While Carpenter acknowledges that the video was "suspicious," he claims it "failed to show an actual commission of alleged offenses." Appellant's Br. at 28.

We disagree and affirm the trial court's denial of Carpenter's motion to strike the attempted forcible sodomy charge. To begin with, this is an attempt crime, so we need not determine whether Carpenter in-fact committed forcible sodomy. Viewing the evidence in the best-light to the Commonwealth, Carpenter, who was shirtless with his pants lowered, fondled his genitalia in front of his daughter's face and then put his penis on or near his child's mouth. The video of the encounter provided sufficient evidence for this charge to go to the jury. The jury was also entitled to assess the credibility of the witnesses and reject Carpenter's claim that he was shown a different video during his police interrogation than the one presented at trial.

While Carpenter was also free to argue to the jury that he was feeding his child a banana, the jury was entitled to weigh the evidence, assess witness credibility, and ultimately reject his hypothesis of innocence. *See Fary v. Commonwealth*, 77 Va. App. 331, 344 (2023) (explaining whether a hypothesis of innocence is reasonable is a factual question), *aff'd*, 303 Va. 1 (2024). Again, Carpenter's girlfriend identified Carpenter as the person in the video, and she also testified that the video was filmed at the couple's residence. The video was found on Carpenter's phone. Carpenter noted the video was "very awkward," and he did not dispute he was the person in the video. Carpenter's argument that the video is blurry is unavailing. Video evidence is no different than other types of evidence, *Barney*, 302 Va. at 97, and, given the standard of review, we cannot

say that, as a matter of law, no rational factfinder could conclude that Carpenter violated Code § 18.2-67.1. The trial court was not plainly wrong or without evidentiary support in denying Carpenter's motion to strike this charge, and so we affirm Carpenter's conviction for attempted forcible sodomy in violation of Code §§ 18.2-67.1, 18.2-26.

## III. CONCLUSION

We hold that the trial court properly denied Carpenter's motion to strike both charges, and thus we affirm his convictions.

*Affirmed.*